Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JAKE LUIS GONZÁLEZ MALDONADO<br><br>Peticionario | TA2025CE00356 | *CERTIOARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: J FJ2025G0010 (506)<br><br>Sobre: Art. 285 CP |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece ante este tribunal apelativo, el Sr. Jake González Maldonado (en adelante señor González Maldonado o peticionario) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) el 29 de julio de 2025, notificada el día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de supresión de evidencia instada por el peticionario.

Además, el señor González Maldonado acompañó con su recurso una *Moción en Solicitud de Auxilio de Jurisdicción*.

Por los fundamentos que expresaremos a continuación, denegamos el recurso de *certiorari* solicitado y; en consecuencia, declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

### I.

El 26 de diciembre 2024, se presentó una denuncia contra el señor González Maldonado por violación al Artículo 285 del Código Penal por hechos ocurridos el 9 del mismo mes y año. Luego de varios trámites procesales, que no son necesarios pormenorizar, el

9 de mayo de 2025, el peticionario presentó un escrito intitulado *Moción de Supresión de Evidencia de Admisiones o Declaraciones.* En esencia, en la misma alegó que el Ministerio Público pretende presentar en el juicio una declaración jurada que le fuera tomada a este durante el proceso investigativo, la cual se presume ilegal. Esto, debido a que se entiende que fue producto de intimidación e intervención coaccionada, más no fue libre ni voluntaria. También arguyó que se hizo bajo el engaño de la promesa de que, si hacía la admisión, ayudarían a su madre para que no le radicaran cargos ni le confiscaran el vehículo.

El 23 de mayo de 2025, el fiscal se opuso al referido petitorio.[1]

Analizados los escritos de las partes, el TPI señaló la vista de supresión de evidencia para los días 18 de junio y 18 de julio de 2025. En la misma declararon: el Agente José M. Bracero Sepúlveda, el Agente Eric G. González Albert, y la Sra. Betty Maldonado, como testigo de la defensa. Asimismo, se admitió como prueba documental lo siguiente: PPR-615.4 Advertencias Miranda para persona sospechosa en custodia y PPR-615.9 Declaración de persona sospechosa.

El 30 de julio de 2025, el TPI notificó la *Resolución* recurrida en la que declaró *No Ha Lugar* a la *Moción de Supresión de Evidencia de Admisiones o Declaraciones* instada por el peticionario. El foro primario razonó que, al momento de que se obtuvo la confesión, no surgen elementos de coacción por parte del Agente González y se le garantizaron todos los derechos constitucionales de este como acusado referentes a las advertencias de sospechoso. A su vez, el foro *a quo* entendió que existió, por el peticionario, total comprensión de los derechos a los

---

[1] Advertimos que la fecha la tomamos de la *Resolución* recurrida, ya que el peticionario falló en incluir este documento importante como un anejo de su recurso.

cuales este renunciaba "lo que finalmente redundó en su confesión/admisión a puño y letra." También el foro coligió que el testimonio de la Sra. Betty Maldonado corrobora lo declarado por el Agente González e incluso manifestó bajo juramento "Si a alguno tiene que llevarse es a mi hijo, no a mí."

En desacuerdo con lo determinado, el señor González Maldonado acudió ante esta *Curia* mediante el recurso de epígrafe, imputándole al TPI la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA [INSTANCIA] AL DENEGAR LA MOCIÓN DE SUPRESIÓN DE LA DECLARACIÓN DE SOSPECHOSO A PESAR DE QUE EL CONSENTIMIENTO FUE VICIADO DEBIDO A QUE LA HIZO BAJO LA PROMESA DE QUE NO SE PRESENTARÍAN CARGOS EN CONTRA DE SU MADRE QUIEN FUE ARRESTADA SIN EXISTIR MOTIVOS FUNDADOS.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE SUPRESIÓN DE LA DECLARACIÓN DE SOSPECHOSO A PESAR DE QUE LAS ADVERTENCIAS DE LEY NO LE FUERON REALIZADAS DE FORMA EFICAZ, POR LO QUE LA RENUNCIA DEL DERECHO A NO AUTOINCRIMINARSE NO FUE VOLUNTARIA NI INTELIGENTE.

Adjuntó a su petición de *certiorari* la regrabación de las vistas de supresión de evidencia mediante disco compacto. A su vez, presentó la *Moción en Cumplimiento con la Regla 33 del Reglamento del Tribunal de Apelaciones,* de la cual nos damos por enterados.

Analizado el recurso, y a tenor de la determinación arribada, prescindimos de la comparecencia de Ministerio Público, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

### Auto de *Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, a la pág. 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, a las págs. 337-338 (2012); *García v. Padró*, 165 DPR 324, a las págs. 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025)., dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
>  (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>  (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>  (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>  (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>  (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>  (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con

prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, a las págs. 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, a la pág. 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, a la pág.155 (2000).

### III.

En esencia, el peticionario adujo que erró el foro primario al denegar la moción de supresión de evidencia. Arguyó que su consentimiento estuvo viciado y que se le violentaron los derechos constitucionales sobre las advertencias de brindar testimonio autoincriminatorio, a pesar de haber firmado libre y voluntariamente el documento en el que aseguró que se le leyeron las advertencias Miranda.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* De una lectura de la referida norma, surge que no se encuentran presentes los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

Es menester destacar que la *Resolución* recurrida es una fundamentada. Enfatizamos, además, que el TPI aquilató la evidencia presentada, documental y testimonial, a la que le adjudicó credibilidad estando en una mejor posición que esta *Curia* para oír, ver y apreciar el comportamiento de los testigos.

Por su parte, puntualizamos que la *Resolución* recurrida se notificó el 30 de julio de 2025, sin embargo, no es hasta el 25 de agosto de 2025, a dos (2) días antes del juicio, que el peticionario presentó el recurso ante al TPI, recibido por este foro apelativo el 27 de agosto siguiente.

Así, pues, examinado el recurso presentado; así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede intervenir en esta etapa de los procedimientos. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso.

Por último, advertimos que lo aquí resuelto no impide que, de ser necesario y de así entenderlo, el peticionario pueda presentar los mismos planteamientos mediante un recurso de apelación al finalizar el proceso judicial.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado. En consecuencia, declaramos *No Ha Lugar* a la *Moción en Solicitud de Auxilio de Jurisdicción*.

Notifíquese **inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones